
**WALSH PIZZI O'REILLY FALANGA**

**THREE GATEWAY CENTER**
100 Mulberry Street, 15th Floor
Newark, NJ 07102
T: 973.757.1100
F: 973.757.1090
**WALSH.LAW**

Stephen V. Falanga
Direct Dial: (973) 757-1107
SFalanga@walsh.law

April 20, 2020

**VIA ECF**
The Honorable Edward S. Kiel, U.S.M.J.
U.S. District Court for the District of New Jersey
Martin Luther King Jr. Bldg. & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    <u>**ACP GP, LLC et al. v. Motivational Coaches of America, Inc., et al.**</u>
              **Docket No. 2:18-cv-13147**

Dear Judge Kiel:

      This firm represents plaintiffs, ACP GP, LLC and Alleon Capital Partners, LLC ("Plaintiffs") in connection with the above-referenced action. Pursuant to the Court's Order dated April 6, 2020 (the "Case Management Order"), we write in opposition to defendant, Julio Avael's letter dated February 20, 2020. (Dkt. No. 52) seeking to stay discovery in this action pending the resolution of certain motions he has filed with the Court. For the reasons set forth below, Plaintiffs respectfully submit that the motion should be denied.

### I.    DISCOVERY WAS ALREADY ORDERED TO PROCEED AND NO DISPOSITIVE MOTIONS ARE PENDING BEFORE THE COURT

      Defendant's request for a stay of discovery was considered by the Court during the conference before Your Honor on January 29, 2020. The Court considered Defendant's request and determined that the exchange of written discovery should proceed. *See* Hr'g Tr. 17:20-22 ("Generally cases are not what's called 'stay[ed].' They don't freeze and nothing happens to them because motions to dismiss are pending."); *see also* Hr'g Tr. 27:2-10 ("I will also permit the plaintiff to issue a [written] discovery request to [Defendant] by February 28…And that's what the discovery will be up until this point"). Consistent with Your Honor's direction, Plaintiffs served written discovery requests on Defendant on February 28, 2020, responses to which were originally due on March 30, 2020. Following the status conference on April 6, 2020, wherein Defendant again maintained that discovery should not proceed in this matter, the Court entered the Case Management Order directing that responses to written discovery shall be due on May 7, 2020.

      Notwithstanding the above, Defendant contends that, because there are pending motions, discovery must be stayed until those motions are resolved. On March 2, 2020, the Court entered an Order vacating Defendant's default and denying all other relief sought in Defendant's "Motions and Motion to Set Aside Clerk's Entry of Default and Motion to Dismiss" filed on January 13, 2020. (Dkt. No. 54). Thus, that motion has been disposed. Moreover, contrary to the suggestion

appearing throughout Defendant's correspondence, there is no pending motion to dismiss in this case. Defendant's initial motion to dismiss was denied and the Court afforded Defendant a mechanism to reinstate that motion. Defendant did not avail himself of that opportunity and instead, on December 16, 2019, he filed a motion seeking to set aside the Court's Order denying the motion to dismiss, which Plaintiffs opposed.[1] There are therefore no dispositive motions pending before the Court and only Defendant's motion to set aside prior orders and this request to stay discovery remain undecided.

## II.  PERSONAL JURISDICTION AND SERVICE OF PROCESS

Defendant devotes substantial portions of his February 25, 2020 letter to recycled arguments that this Court cannot exercise personal jurisdiction over him and that he was not properly served in this matter.[2] As set forth in greater detail in Plaintiffs' opposition to Defendant's original motion to dismiss (Dkt. No. 28), these arguments are baseless. Defendant personally guaranteed amounts due to Plaintiff pursuant to certain financing agreements entered into as between Plaintiffs and the defendant entities, which Defendant controlled at all relevant times. The financing agreements and the guarantee Defendant executed contained forum selection clauses in favor of New Jersey. Ignoring that that financing agreements and Defendant's guarantee are governed by New Jersey law and contain forum selection clauses requiring claims be adjudicated in New Jersey Defendant makes an absurd contention accusing Plaintiffs of forum shopping, engaging in "procedural gamesmanship," and attempting to "game the system" by filing suit in New Jersey. For all of Defendant's inflammatory accusations against Plaintiffs, Plaintiff's counsel, and this Court, not one of Defendant's applications to the Court disputes that he signed the guarantee and that the guarantee contains a forum selection clause in favor of New Jersey.

Defendant continues to maintain that he was not properly served in this matter. Of course, this issue is moot as Judge Falk's January 11, 2019 Order deemed service as having been effectuated by mail on December 12, 2018 because Defendant had been evading service by the process server. (Dkt. No. 18). Defendant was free to appeal that Order to the District Judge, or, as he has done with recent Orders, to seek reconsideration. He did not do so. Accordingly, Defendant's repeated challenges to service are improper.

Nevertheless, in the event that Defendant's motion for reconsideration is granted – which, for the reasons set forth in Plaintiffs' opposition, Plaintiffs respectfully submit that it should not – Defendant is free to raise any and all such arguments as they pertain to this Court's exercise of

---

[1] As Plaintiffs explained in their opposition to that motion, Defendant's motion to reconsider pursuant to Fed. R. Civ. P. 60 is improper because, *inter alia*: (1) the proper procedural mechanism to seek reconsideration would have been Local Civil Rule 7.1(i); (2) even had Defendant moved pursuant to Local Civil Rule 7.1(i), such a request would have been untimely; and (3) Defendant has failed to meet the high bar for reconsideration. (Dkt. No. 46).

[2] Defendant's initial motion to dismiss featured arguments pertaining to personal jurisdiction, which were then omitted from his January 13, 2020 motion. Now, Defendant raises those arguments once again.

Hon. Edward S. Kiel, U.S.M.J.
April 20, 2020
Page 3

personal jurisdiction over him. In the meantime, as Your Honor has ordered, discovery should proceed and Defendant's request to stay discovery should be denied.

### III.   PLAINTIFFS HAVE SUFFERED, AND WILL CONTINUE TO SUFFER, PREJUDICE AS A RESULT OF DEFENDANT'S DELAY

Defendant claims that Plaintiffs will not be prejudiced by a stay of discovery. This is belied by the history of Plaintiffs' requests for equitable relief based upon credible concerns as to the status of their collateral and the receivables they purchased from the entities controlled by Defendant and which Defendant personally guaranteed. Those concerns were placed on the record during the January 29, 2020 conference. Defendant contends that a stay of discovery would not provide a tactical advantage to him, nor would it provide a tactical disadvantage to Plaintiffs. Not so. Indeed, the sole beneficiary of a discovery stay is Defendant, who is the primary source of information relating to the disposition of funds from businesses he controls. As Plaintiffs have explained, Plaintiffs have serious concerns as to the whereabouts of those monies, which amounts now exceed $750,000.00, with interest continuing to accrue. The absence of this information has, and will continue to, severely prejudice Plaintiffs' interests.

### IV.   CONCLUSION

Based on all of the foregoing, Plaintiffs respectfully request that Defendant's informal motion to stay discovery be denied.

Respectfully submitted,

*s/ Stephen V. Falanga*
Stephen V. Falanga

CC:   Julio Avael (via Email and Regular Mail)